UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEROME MILLER, acting on behalf of infant child, J.A.M.,

    Petitioner,

v.                                    Case No.:  2:24-cv-685-SPC-NPM

BEATRIZ DOMINGUEZ,

    Respondent.
_____/

## OPINION AND ORDER

Before the Court is Petitioner Jerome Miller's Verified Petition for Return of Minor Children to Cayman Islands (Doc. 1) and Motion for Temporary Restraining Order (Doc. 4). For the below reasons, the Court grants the motion.

## BACKGROUND

Petitioner had a child, J.A.M., with Respondent Beatriz Dominguez. The child was born in the Cayman Islands. But Respondent later relocated to the United States. Meanwhile, the parties were involved in a custody dispute. The Cayman Islands Summary Court issued an Interim Residence Order in favor of Petitioner for a period of six months and subsequently extended that order. Because Respondent had relocated to the United States, however, the parties agreed that the child could travel from the Cayman Islands to the

United States in April 2023 and return in August 2023. The Cayman Islands Summary Court subsequently issued an order allowing the child to travel to the United States and then return to the Cayman Islands. But Respondent refused to return the child on the agreed date. So, Petitioner now requests the Court to Order the child returned to the Cayman Islands under The Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act (ICARA).

Before addressing the merits, Petitioner requests the Court to enter a temporary restraining order directing Respondent to surrender any and all passports, visas, and other travel documents of the child and prohibiting Respondent from removing the child from the jurisdiction of this Court.

## LEGAL STANDARD

A district court may issue a temporary restraining order without notice to the adverse party if the movant provides:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(B); *see also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (ex parte TROs "should be restricted to serving their underlying

2

purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").

If the movant establishes that it is justified in seeking ex parte relief, it then must show that injunctive relief is appropriate. The movant may do so by showing "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

## ANALYSIS

To start, the Court finds that it may issue this Order without notice to Respondent because Petitioner has presented facts in his motion to show that immediate and irreparable injury may result before Respondent can be heard in opposition. Respondent has already refused to return the child to the Cayman Islands. If notice were provided, there is a substantial likelihood that Respondent would attempt to abscond with the child from this District. Thus, ex parte relief without notice is warranted.

Next, Petitioner has shown the four TRO requirements. First, the likelihood of success on the merits. This is a Hague Convention wrongful retention case. To establish a prima facie case of wrongful retention, Petitioner must show that a "retention" has occurred, that is, that the child has been kept

3

outside his or her country of "habitual residence." *De La Riva v. Soto*, 183 F. Supp. 3d 1182, 1186 (M.D. Fla. 2016). Petitioner must also show that the retention was "wrongful," that is, it must violate the "rights of custody" afforded to Petitioner under the laws of the child's pre-retention country of habitual residence, Hague Convention art. 3(a), which rights Petitioner was "actually exercis[ing]" at the time of the retention or "would have been so exercis[ing] but for the removal or retention." *Id*.

In support of these elements, Petitioner provides that the child lived in the Cayman Islands prior to traveling to the United States. Petitioner also provides evidence that the Cayman Islands Summary Court issued interim residence orders in his favor and allowed the child to travel to the United States only on a temporary basis, to return in August 2023. The Cayman Islands Summary Court also found that the child is "habitually a resident in the Cayman Islands for the purposes of the Hague Convention[.]" (Doc. 1 at 37). Petitioner has sufficiently shown a likelihood of success on the merits at this stage.

Petitioner has shown immediate and irreparable harm because the child is currently in Respondent's custody outside of the Cayman Islands and she may further abscond absent injunctive relief. Any potential harm to Respondent from temporarily restraining her ability to travel with the child is outweighed by the potential harm to Plaintiff if relief is not issued. And the

4

public interest is served because the relief sought furthers the goals of the Hague Convention.

Finally, given the nature of this action, the Court will not require the posting of a bond as security. *See BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005) ("[I]t is well established that 'the amount of security required by the rule is a matter within the discretion of the trial court, and the court may elect to require no security at all'") (cleaned up).

Accordingly, it is now

**ORDERED:**

Petitioner's Motion for Temporary Restraining Order (Doc. 4) is **GRANTED** under the terms set forth below.

1. Petitioner must serve Respondent with a copy of this Order and all other papers filed in this action. **On or before August 5, 2024**, Petitioner must file a notice certifying that he has served these documents.

2. Respondent must keep the child within the jurisdiction of the Fort Myers division of the United States District Court for the Middle District of Florida, pending further Order of the Court.

3. Respondent must surrender to the Court the child's travel documents. **On or before August 9, 2024**, Respondent must deposit those documents with the Clerk of Court.

4.      **On August 9, 2024, at 9:30 a.m.** in Courtroom 5D of the United States Courthouse and Federal Building, 2110 First Street, Fort Myers, Florida 33901, the Court will hold a hearing as to whether this temporary restraining order should be converted into a preliminary injunction. At that time, the Court will also discuss scheduling with the parties and set a date for an evidentiary hearing regarding the verified petition.

5.      Because Petitioner has included the minor child's name and birth date in his Court filings (Docs. 1, 3, 4), the Court **DIRECTS** the Clerk to seal these documents. *See* Fed. R. Civ. P. 5.2(a). **On or before August 2, 2024**, Petitioner must file minimally redacted versions of these filings.

**DONE** and **ORDERED** in Fort Myers, Florida on July 31, 2024.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record