UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEROME MILLER, acting on behalf of infant child, J.A.M.,

    Petitioner,

v.                                         Case No.: 2:24-cv-685-SPC-NPM

BEATRIZ ABREU DOMINGUEZ,

    Respondent.
_____/

## OPINION AND ORDER

Before the Court are Respondent Beatriz Abreu Dominguez's Motion to Dismiss (Doc. 25) and Petitioner Jerome Miller's Response (Doc. 30). For the below reasons, the Court denies the motion.

This is a Hague Convention wrongful retention case. Petitioner and Respondent had a child in the Cayman Islands. But Respondent relocated to the United States. The Cayman Islands Summary Court issued an Interim Residence Order in favor of Petitioner, but the parties agreed that the child could travel to the United States in April 2023 and return in August 2023. The Cayman Islands court blessed this arrangement. But Respondent did not return the child on the agreed date. So Petitioner brought this action under The Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act (ICARA).

Respondent moves to dismiss on essentially two grounds—(1) Petitioner fails to sufficiently allege that the Cayman Islands is the child's habitual residence and (2) Petitioner's alleged domestic violence should defeat his claim.

First, habitual residence. Among other elements, Petitioner must allege that a retention has occurred, that is, that the child has been kept outside his or her country of "habitual residence." *De La Riva v. Soto*, 183 F. Supp. 3d 1182, 1186 (M.D. Fla. 2016). Respondent argues that Petitioner's habitual-residence allegations are insufficient and that therefor (1) the Court lacks jurisdiction over this action and (2) Petitioner fails to state a claim. Not so.

Petitioner alleges that the child's habitual residence is the Cayman Islands. (Doc. 12 ¶ 26). In support, he alleges the child was born in the Cayman Islands and lived in the Cayman Islands his entire life before coming to the United States. (*Id.* ¶ 22). He also alleges that a Cayman Islands Court has issued an Order finding that the child's habitual residence is the Cayman Islands. (*Id.* ¶ 17). This is sufficient at this stage. To the extent that Respondent argues that the child's habitual residence changed while he was in the United States, this argument presents fact questions and cannot support dismissal at this stage. *See Goldstein v. Simon*, No. 24-20633-CIV, 2024 WL 2976748, at *5 (S.D. Fla. June 13, 2024), *aff'd sub nom.*, No. 24-12098, 2024 WL 4284921 (11th Cir. Sept. 25, 2024) (describing habitual-residence analysis

2

as a "fact-driven inquiry" that "must be sensitive to the unique circumstances of the case and informed by common sense").

Second, domestic violence. Respondent argues the Court should dismiss the petition because Petitioner allegedly committed domestic violence against her. Respondent appears to frame this argument in several ways. She claims first that the alleged domestic violence is relevant to the habitual-residence analysis, then she asserts grave risk of harm to the child, and finally she argues unclean hands. But no matter how Respondent frames her argument, any claim of domestic violence cannot support dismissal of the petition. As discussed above, habitual residence is a fact question. And both grave risk to the child and unclean hands are affirmative defenses. Respondent must raise these issues in her answer and try to bolster them with evidence at the upcoming evidentiary hearing. *See Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-CV-366-PGB-LRH, 2021 WL 7501157, at *11 (M.D. Fla. Apr. 15, 2021) (declining to consider an unclean hands affirmative defense at the motion-to-dismiss stage because the defense could not be resolved by solely referring to the allegations of the complaint); *Neiuwenhoven v. Pisani*, No. 5:23-CV-34-GAP-PRL, 2023 WL 4930852, at *2 (M.D. Fla. Feb. 23, 2023) (The grave-risk "affirmative defense requires the parent opposing the child's return to show by clear and convincing evidence that 'there is a grave risk that his or her return

3

would expose the child to physical and psychological harm or otherwise place the child in an intolerable situation.').

Accordingly, it is now

**ORDERED:**

1. Respondent's Motion to Dismiss (Doc. 25) is **DENIED.**

2. The Respondent must answer the petition on or before **October 7, 2024**.

3. The Court reschedules the October 3 evidentiary hearing on the petition. The Court will reset the hearing by separate notice on **October 22, 2024, at 9:00 am**. Petitioner may appear by video conference.

**DONE** and **ORDERED** in Fort Myers, Florida on September 30, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record