UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEROME MILLER, acting on
behalf of infant child, J.A.M.,

    Petitioner,

v.                                    Case No.:  2:24-cv-685-SPC-NPM

BEATRIZ ABREU DOMINGUEZ,

    Respondent.
_____/

## OPINION AND ORDER

Before the Court is Petitioner's Oral Motion for Attorney's Fees and Costs and attorney Michael Alexander Hurckes' Response (Doc. 46) to the Court's Show-Cause Order (Doc. 45). For the below reasons, the Court grants the motion and orders attorney Hurckes to pay Petitioner's counsel his costs, expenses, and attorney's fees reasonably incurred in attending the Court's November 1, 2024, evidentiary hearing and reimburse the Bench Bar Fund for its expense in reserving interpreters for that day's scheduled hearing.

This is a Hague Convention case. Hague Convention cases are expedited and culminate in an evidentiary hearing to determine whether to order a child to be returned to their habitual residence for custody proceedings. The Court set the final evidentiary hearing for October 3, 2024, but twice rescheduled to accommodate Respondent's response to the petition and counsel's motion to

withdraw. (Docs. 21, 31, 32, 40). The Court finally settled on November 1, 2024, for the evidentiary hearing. (Doc. 44). The Court noticed the hearing and attorney Hurckes received the notice by email at mh@mahadvising.com.

But attorney Hurckes failed to appear at the hearing. His client, Respondent Beatriz Dominguez was present. She was aware of the hearing and had attempted to call attorney Hurckes the day before to discuss the proceeding. He was unavailable to speak with her. Petitioner appeared remotely and his counsel was present in person, having driven from Sarasota to the Fort Myers courthouse. After attorney Hurckes failed to appear, the Court was able to track him down through his office and spoke with him on the record. He explained that the hearing notice was sent to the incorrect email and that his staff somehow failed to calendar the hearing. Because he was located in Tampa and failed to pre-try Respondent, resuming the hearing later in the day was not feasible. Petitioner's counsel moved for his attorney's fees and costs related to traveling to and attending the hearing. The Court reserved ruling and adjourned the hearing. (Doc. 47).

The Court then ordered attorney Hurckes to show cause in writing why he should not be sanctioned for his failure to appear (Doc. 45). His written response explains that "for reasons unknown," he did not receive notice of the hearing at his active email address, legal@mahadvising.com, and was therefore unaware of it.

The Court rescheduled the evidentiary hearing a final time and set it for November 21, 2024. (Doc. 48). Ahead of the hearing, the Court ordered attorney Hurckes to certify that he received the notice and would appear. (Doc. 49). He complied. (Doc. 50). The Court held the evidentiary hearing, everyone attended, and Petitioner prevailed. (Doc. 54). But whether to sanction attorney Hurckes for failing to attend the November 1, 2024, hearing remains.

The Court has "inherent power to police those appearing before them." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). This power arises from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quotation omitted). Apart from the Court's inherent power, 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See* 28 U.S.C. § 1927. A Section 1927 sanction is warranted when an attorney "engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).

Such a sanction is warranted here. Attorney Hurckes needlessly obstructed this matter and multiplied the proceedings by failing to appear for the November 1, 2024, evidentiary hearing. It is worth emphasizing that a

Hague case culminates in an evidentiary hearing. The evidentiary hearing here was where this case would be ultimately decided—it was important. And attorney Hurckes' excuse for missing this critical hearing is inadequate. He argues that "for reasons unknown" the notice of hearing was sent to mh@mahadvising.com rather than legal@mahadvising.com. But the reason is not unknown. Attached to his show-cause response, attorney Hurckes provides a screen shot from Pacer. Under his preferences for the Middle District of Florida, only mh@mahadvising is listed as his email. (Doc. 46 at 9).

And he designated mh@mahadvising as his primary email address in his notice of appearance (Doc. 23) and continued to list this email in the signature block of his filings (Docs. 23, 25, 35). All other filings and orders prior to the November 1, 2024, hearing notice were served on counsel at that email address without issue. Even attorney Hurckes' client was aware of the hearing and appeared in person. He was the only one that missed the memo.

Attorney Hurckes' excuse does not withstand scrutiny. But even assuming he did not receive the notice, the fault lies with him. The Local Rules provide that "[t]o maintain membership in the Middle District bar, a member . . . must maintain with the clerk a current telephone number, mailing address, and email address," among other things. Local Rule 2.01(b)(2)(B). Attorney Hurckes has not done so. After he failed to appear, the Clerk directed him to this local rule and notified him that he must update his contact information

4

and file a notice of compliance within fourteen days. (Doc. 52). Attorney Hurckes ignored this notice and never filed the notice of compliance.

Attorney Hurckes needlessly obstructed the litigation of Petitioner's non-frivolous claim when he failed, without legitimate justification, to appear at the evidentiary hearing in this expedited matter. Thus, he unreasonably and vexatiously multiplied the proceedings and must personally satisfy the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

Apart from the Section 1927 sanction, attorney Hurckes also must reimburse the Middle District of Florida Bench Bar Fund for its expense in reserving interpreters for the November 1 hearing. Respondent speaks English and Spanish. During Respondent's first in-person appearance before the Court, she requested an interpreter. Attorney Hurckes also requested an interpreter to continue to assist Respondent. So the Court provided a free interpreter to Respondent during each hearing. Given the length of an evidentiary hearing, the Court had to reserve two interpreters for the November 1 hearing. When attorney Hurckes failed to appear, he caused the Bench Bar Fund to incur an unnecessary expense in reserving these interpreters. He must reimburse the Bench Bar Fund for this expense.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Oral Motion for Attorney's Fees and Costs is **GRANTED**.

2. **On or before January 10, 2025,** attorney Hurckes must personally pay Petitioner's counsel his costs, expenses, and attorney's fees reasonably incurred in attending the Court's November 1, 2024, evidentiary hearing.

3. **On or before January 10, 2025**, attorney Hurckes must also mail a copy of this Order and a check for $1,526.32 made payable to Middle District of Florida Bench Bar Fund to:

   > United States District Court
   > Bench Bar Fund
   > 401 W. Central Blvd., Suite 2100
   > Orlando, FL 32801

4. This case remains closed.

**DONE** and **ORDERED** in Fort Myers, Florida on December 19, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record