UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEROME MILLER, acting on
behalf of infant child, J.A.M.,

    Petitioner,

v.                                    Case No.:   2:24-cv-685-SPC-NPM

BEATRIZ ABREU DOMINGUEZ,

    Respondent.

## ORDER

Before the Court is Respondent Beatriz Abreu Dominguez's Emergency Complaint for Judicial Review and Child Psychological Evaluation. (Doc. 94). The Court construes this filing as an Emergency Motion for Judicial Review and Child Psychological Evaluation.[1] For the below reasons, the Court denies the motion.

This action involved custody of a child under The Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, *et seq*. Petitioner Jerome

---

[1] Although the docket reflects Respondent is represented by counsel, she filed the motion pro se. Generally, a party cannot file a paper pro se when represented by counsel. *See* M.D. Fla. R. 2.02(b)(3) ("If a lawyer represents a person in an action, the person can appear through the lawyer only."). But Respondent's counsel—Michael Hurckes—has been suspended from the practice of law. *See Fla. Bar v. Hurckes*, No. SC2025-1375, 2025 WL 2829387, at *1 (Fla. Oct. 6, 2025). So the pro se filing is not improper in that respect.

Miller sought the prompt return to the Cayman Islands of the parties' son, arguing that Respondent wrongfully retained their child in the United States. (Doc. 1). After a hearing, the Court ultimately granted Petitioner's petition and ordered that Respondent surrender custody of the minor child to Petitioner. (Doc. 54). Respondent complied, and the child has been returned to Petitioner's care. (Doc. 57).

That was ten months ago. Now, Respondent moves for emergency judicial review and a child psychological evaluation. (Doc. 94). In the motion, Respondent: (1) asserts she previously requested a psychological evaluation prior to a final determination; (2) requests permission to submit "new and critical evidence" regarding the child's emotional and psychological condition; (3) claims the child's health and safety are at risk, necessitating Court intervention; (4) requests a licensed child psychologist in Florida evaluate the child; and (5) requests that no further determinations or enforcement actions be made in this matter until after the evaluation. (*Id.*).

Plaintiff's request is improper. The Cayman Islands is the court that prohibited Respondent from bringing the child to the United States. This Court's sole role was ordering Respondent to return the child to Petitioner in the Cayman Islands under the ICARA. The child has been returned to Petitioner, and this case is closed. To the extent Respondent believes new information demonstrates the child should be with her in the United States,

2

filing an Emergency Motion in this Court under this closed case is not appropriate.

Accordingly, it is now

**ORDERED:**

Respondent's Emergency Motion for Judicial Review and Child Psychological Evaluation (Doc. 94) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on October 16, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record